FUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIHEALA POPA,

     Plaintiff,

   -against-

ROBERT E. MORITZ,

     Defendant.

18-CV-11300 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  By order dated February 8, 2019, the Court dismissed this action under the doctrine of claim preclusion and as frivolous. On February 25, 2019, the Court received Plaintiff's February 18, 2019 letter, where she states that her case was "lodged *in forma pauperis*" (IFP). (ECF No. 8.) Because the Court referred to the IFP statute in the February 8, 2019 order of dismissal, it vacates the February 18, 2019 order of dismissal and civil judgment and dismisses the matter in this order under the Court's inherent authority to do so.

## STANDARD OF REVIEW

  The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797

(2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n.3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff brings this "complaint of emotional distress" against Defendant, the current Chair of PWC, concerning her employment at PricewaterhouseCoopers LLP (PWC) from approximately 2000 – 2006. Defendant held leadership roles at PWC during the time of Plaintiff's employment, in which she was stationed in Chicago, London, and Bucharest.

Plaintiff claims that during her employment she "suffered harassment, including sexual harassment, bullying, slander and defamation of character and abusive and intimidating FBI practices in [PWC] Chicago." (Compl. at 2.) She also claims that she "was retaliated against and treated badly by the UK firm as a result of the US complaint in relation to the adverse treatment she suffered with the US firm." (*Id.*) Based on these experiences, she "went on sick leave in June 2006." (*Id.*)

2

> During the period she was on sick leave the Plaintiff was sexually assaulted by an individual who appears to have had some connection with the [PWC] network and its agents. . . . The Plaintiff believes that the individual who assaulted the Plaintiff was knowns to the [PWC] network and was in some conspiracy with the Defendant [PWC] and their agents. The Plaintiff believes that even the Defendant Robert E. Mortiz was involved in this incident or negligently allowed it to happen.

(*Id.* at 7.)

> The Plaintiff [also] asserts that had the Defendant resolved the Plaintiff's complaint in due time, the Plaintiff would not have suffered from further degrading and humiliating experiences. The Plaintiff considers that the [PWC] network, the Defendant Robert E. Moritz and the people involved at the time wanted the Plaintiff to suffer further degrading and humiliating treatment. This includes the Plaintiff's solicitors who for this reason could not be trusted and whom the Plaintiff considers that they conspired with the Defendants to cause the Plaintiff to lose her claims.

(*Id.*)

Plaintiff's "employment with [PWC] came to an end in 2006 in London when the Plaintiff was diagnosed with work related chronic fatigue, depression and anxiety." (*Id.* at 2.)

Since Plaintiff left PWC, she struggled to stay employed and generally blames Defendant for her current circumstances:

> The Plaintiff finds herself again in an impossibility [sic] to mitigate her long term losses and feeling again desperate and on the edge as a result of the actions of the Defendant, not being able to find a new employer that can accept the Plaintiff's circumstances as a result of the Defendant.

(*Id.* at 13.) She "considers an award is necessary to address the Plaintiff's future losses as a result of the Defendant in addition to her past losses." (*Id.*) She also seeks "re-employment with the [PWC] network and accommodation of her health as she is clearly unable to mitigate her losses in the long term elsewhere." (*Id.* at 14.)

Plaintiff previously brought an action against PWC that was dismissed as untimely. *See Popa v. PricewaterhouseCoopers LLP*, No. 08-CV-8138 (LTS) (KNF) (S.D.N.Y. Aug. 18, 2009) (ECF No. 21).

## DISCUSSION

**A.     Claim Preclusion**

The doctrine of claim preclusion, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation "if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) [the earlier decision] involved the same parties or their privies, and (4) [the earlier decision] involved the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks and citation omitted, first alteration in original). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (internal quotation marks and citations omitted). "A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). And "an action dismissed as time-barred is a dismissal on the merits. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) (holding that dismissal of a claim as time-barred amounts to a merit-based adjudication for the purposes of *res judicata* analysis); *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896 (2d Cir. 1983) ("[A] dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, unless it is specifically stated to be without prejudice.") (footnote omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue of claim preclusion. *See, e.g.*, *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

Because Judge Swain already considered on the merits Plaintiff's discrimination claims regarding her employment at PWC, and dismissed those claims, the doctrine of claim preclusion bars all claims in this action that are based on events that arose up until 2006, when she left PWC. Even if Plaintiff is attempting to raise new claims that arose during her employment, Judge Swain's final judgment prevents her from doing so, because her purportedly new claims arise from the same set of facts and transactions that were the basis for Plaintiff's previous claims; she therefore could have raised any new claims that arose during her employment in that matter.

The complaint concerns claims raised and litigated. Thus, all claims arising from Plaintiff's employment at PWC up until she left in 2006 are barred under the doctrine of claim preclusion. *See MacKinnon v. City of New York/Human Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) (noting that Court of Appeals has "regularly upheld a district court's authority to dismiss sua sponte a pro se complaint on res judicata grounds") (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir.1993)).

**B.      Frivolous**

To the extent Plaintiff seeks to bring state law claims arising after her PWC employment against Defendant under the diversity of citizenship statute, *see* 28 U.S.C. § 1332, these claims are dismissed as frivolous. A claim is frivolous when it "lacks an arguable basis either in law or

5

in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Whatever role Plaintiff may believe Defendant played in her life since 2006, when she left PWC, her allegations are not plausible. These claims are therefore dismissed as frivolous. *See Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)).

### C. Leave To Amend Futile

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is directed to vacate the February 18, 2019 order of dismissal and civil judgment.

Plaintiff's complaint is dismissed under the doctrine of claim preclusion and as frivolous.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 3, 2019
        New York, New York

COLLEEN McMAHON
Chief United States District Judge