```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

MIHEALA POPA,

                Plaintiff,

        -against-

ROBERT E. MORITZ,

                Defendant.

18-CV-11300 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    By order dated February 8, 2019, the Court dismissed this action under the doctrine of claim preclusion and as frivolous. On February 25, 2019, the Court received Plaintiff's February 18, 2019 letter, where she states that because her case was "lodged *in forma pauperis*," and "the case was not heard to justify the fee," she seeks a refund. (ECF No. 8.) As explained below, the Court denies this request.

    On March 7, 2019, the Court received Plaintiff's February 21, 2019 letter, where she "note[s] that you have published on the internet . . . the details of my complaint" and refers to justia.com and pacermonitor.com, two websites that are not maintained by this Court. (ECF No. 9 at 1.) She indicates that she is a European Union (EU) citizen and is "protected by the GDPR [General Data Protection Regulation] legislation even outside the county I reside in, meaning even in the US and you need to comply with the regulation." (*Id.*) She requests that the Court "report the breach to the ICO [Information Commission's Office]" and suggests that the Court may be subject to a fine. (*Id.*)

### A.    The Court denies Plaintiff's request for a refund

    In the February 8, 2019 order, the Court dismissed Plaintiff's claims as barred under the doctrine of claim preclusion and as frivolous. In doing so, it noted that the *in forma pauperis*

[IFP] statute, 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), authorized dismissal. As Plaintiff points out though, she paid the filing fee. But having paid the filing fee makes no difference to the outcome of this case, since the Court has the authority to dismiss an action even when the plaintiff has paid the filing fee. *See Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)); *see also MacKinnon v. City of New York/Human Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) (noting that Court of Appeals has "regularly upheld a district court's authority to dismiss sua sponte a pro se complaint on res judicata grounds") (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir.1993)).

In any event, the Court construes Plaintiff's February 18, 2019 letter, received by the Court on February 25, 2019, as a motion for return of the filing fees. The Court also denies the request because the obligation to pay the filing fees is imposed prior to any assessment of the merits of a complaint. *See Leonard v. Lacy*, 88 F.3d 181 (2d Cir. 1996). Put simply, the filing fee must be paid first, and then the Court considers the merits of Plaintiff's claims.

But because the Court referred to the IFP statute in the February 8, 2019 order of dismissal, it has amended its February 18, 2019 order of dismissal and civil judgment, dismissing the matter under the Court's inherent authority to do so.

**B.     The right to access public documents**

The public has a presumptive right of access to court documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). A party seeking the sealing of court documents must overcome a strong presumption in favor of public access to judicial records, *see Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006), and "the burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such an action,"

*DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). A litigant's concerns that information contained in court documents will bring her adverse publicity or negatively impact her, or her generalized concerns that those documents will reveal embarrassing information, are insufficient reasons for a court to seal documents. *See Bernsten v. O'Reilly*, No. 17-CV-9483 (DAB), 2018 WL 1615840, at *5-6 (S.D.N.Y. Apr. 3, 2018) (collecting cases); *Doe I v. Individuals*, 561 F. Supp. 2d 249, 257 (D. Conn. 2008).

Plaintiff's claim that the public's ability to access her court documents violates her rights as an EU citizen is without merit. Plaintiff filed her lawsuit in this Court and included her address on her complaint, as required under Fed. R. Civ. P. 11(a) (Every paper submitted to the Court "must state the signer's address, e-mail address, and telephone number."). She never moved to seal any part of her complaint or indicated to the Court that she intended her address to be private. Whatever complaint Plaintiff has regarding the publication of her address, the Court has no control over what third parties do with information that was publicly available when they obtained it.[1]

But more to the point, Plaintiff chose to file her complaint in a United States District Court. And just like every other litigant in this Court, Plaintiff was required to comply with Fed. R. Civ. P. 11(a). So by initiating this action, she herself "let the cat out of the bag." Her current regrets regarding the public nature of her proceeding amounts to nothing more than filer's remorse.

---

[1] Plaintiff did not use the Court's general complaint form, but prominently displayed on the first page of that form is a notice that begins, "The public can access electronic court files." That same information is on the Court's website.

**CONCLUSION**

The Clerk of Court is directed to send a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is directed to change the spelling of the Defendant's last name to "Moritz."

The Court denies Plaintiff's requests to refund the filing fee (ECF No. 8).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 3, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge